Ford Motor Credit Co. v. Natural Bridge Holdings, LLC, No. 32-1-10 Bncv (Wesley, J., Dec. 30, 2010)

[The text of this Vermont trial court opinion is unofficial.  It has been reformatted from the original.  The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **Civil Division** |
| **Bennington Unit.** | **Docket No. 32-1-10 Bncv** |

**Ford Motor Credit Co., LLC**
    **Plaintiff,**

    **v.**

**Natural Bridge Holdings, LLC et al.**
    **Defendants,**

    **v.**

**Ronald Carpenter**
    **Third-Party Defendant.**

## DECISION AND ORDER

Ford Motor Credit Company ("Ford") has filed a Complaint for Foreclosure against Natural Bridge Holdings, LLC and the Bank of Bennington (collectively referred to herein as "Natural Bridge") in an attempt to satisfy a judgment lien obtained against the prior owner of the property, Ronald Carpenter.  Currently pending are cross motions for summary judgment, a motion to quash a subpoena, and a motion requesting argument on the issue of summary judgment.  Also relevant to this order is Natural Bridge's third party complaint against Mr. Carpenter alleging breach of warranty, misrepresentation, and fraud in connection with the sale of the property.

Summary Judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, referred to in the statements required by Rule 56(c)(2), show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." V.R.C.P. 56(c)(3).  Where both parties seek summary judgment, "each must be given the benefit of

all reasonable doubts and inferences when the opposing party's motion is being evaluated." *Northern Sec. Ins. Co. v. Rosenthal*, 2009 VT 83, ¶ 4, 186 Vt. 578 (citation omitted).

The undisputed material facts are as follows. Ronald Carpenter owned property located at [address redacted] in East Dorset, Vermont ("the property"). Mr. Carpenter executed a promissory note in favor of Interbay Funding which was secured by a mortgage deed on the property. Interbay Funding subsequently assigned the promissory note and mortgage deed to Bayview Loan Services ("Bayview") in April of 2007.[1] Bayview filed a Complaint for Foreclosure which was amended in January of 2008 and recorded in the Dorset Land Records on January 22, 2008. This Court granted Bayview a Judgment Order and Decree of Foreclosure and Order for Public Sale on September 30, 2008.

Shortly thereafter, Ford obtained a judgment against Mr. Carpenter and, on October 14, 2008, recorded a judgment lien against the property.[2] At that time, the property was already subject to Bayview's foreclosure action. Because Ford recorded their judgment lien after the Complaint for Foreclosure was recorded, they were not made a party to the action. *See* 12 V.S.A.§ 4523(b). Upon the issuance of the Decree of Foreclosure and Order for Judicial Sale, there was not enough equity in the property to satisfy Bayview's mortgage, as the property was worth a little over $600,000 and

---

[1] Bayview transferred its interest in the property to Atlantic National Trust during the foreclosure process, but for simplicity reference to the foreclosing party in the prior action is limited to Bayview.

[2] Ford makes much of the fact that its judgment lien was not properly indexed by the Town Clerk and was therefore not discovered by Natural Bridge during the Bayview foreclosure proceeding. However, based on the analysis set forth herein, Ford has not demonstrated how the mis-indexing revived rights which had already been extinguished by the earlier proceeding, nor how it affects any remedies in the present action.

Bayview's mortgage plus interest and fees amounted to $940,046.82. Ford's judgment lien was for approximately $1.5 million.

The Bayview foreclosure took place as a "judicial sale foreclosure" which has two separate statutory redemption periods. The first redemption period allows for junior creditors and the mortgagor to redeem during a six month period. 12 V.S.A. § 4528(a). If no party redeems within this period, there is a second redemption period during which the mortgagor has the exclusive right to redeem the property before a sale takes place. 12 V.S.A. § 4532(i).

The first redemption period – involving junior lien holders whose interests preceded the filing of the foreclosure – concluded on March 31, 2009 without redemption, and a certificate of non-redemption was issued by the court. Bayview recorded this certificate along with the Judgment Order and Decree of Foreclosure in the Dorset Land Records on April 13, 2009. At that point Mr. Carpenter retained the exclusive right to redeem the property until it was sold. 12 V.S.A. § 4532(i).

Mr. Carpenter, Bayview, and Natural Bridge then struck a deal. Bayview agreed to accept approximately $400,000 to redeem the property in lieu of the $940,046.82 redemption amount set by the court. Mr. Carpenter then redeemed the property and immediately sold it to Natural Bridge for $400,000, realizing no proceeds from the transaction.

Ford now argues that its judgment lien was not extinguished by the Bayview foreclosure because Mr. Carpenter redeemed the property and its interest would only be foreclosed upon a sale of the property. Natural Bridge argues that all junior liens,

3

including Ford's judgment lien, were extinguished when the judgment and certificate of non-redemption were recorded in accordance with 12 V.S.A. § 4529.

A party who records a lien on property, after a foreclosure complaint has been recorded on the same, is not entitled to be a party to the foreclosure action, but can be bound by the judgment as if they had been a party. 12 V.S.A. 4523(b). 12 V.S.A. § 4530(a) provides that "[t]he expiration of the right of redemption … ***shall not foreclose*** the interest of subsequent…attaching creditors whose interest in the property being foreclosed first arose after the filing of the complaint for foreclosure…***unless the plaintiff complies with section 4529*** of this title..." (emphasis added). Section 4529 requires only that the plaintiff file a certified copy of the judgment with the appropriate registry within thirty days of the expiration of the redemption period. 12 V.S.A. § 4529.

It is undisputed that Ford recorded its lien after the foreclosure complaint was recorded and thus can be bound by the judgment in accordance with 12 V.S.A. § 4523(b). The plain statutory language dictates that Ford's interest on the property was extinguished at the end of the redemption period so long as Bayview complied with the procedure set forth in section 4529. It is also undisputed that Bayview met statutory compliance by recording its judgment in the Dorset Land Records on April 13, 2009 – within thirty days of the expiration of the 12 V.S.A. § 4528(a) redemption period on March 31st. Therefore, Ford's judgment lien was foreclosed when Bayview complied with 12 V.S.A. §§ 4530(a) and 4529.

Ford provides no support for the argument that redemption by the mortgagor pursuant to section 4532(i) revives junior liens which were properly foreclosed in accordance with 12 V.S.A. Chapter 163, Subchapter 6. Junior lien holders seeking to

4

protect an interest in property subject to foreclosure must (1) record the interest prior to the commencement of a foreclosure action, securing the right to participate in the foreclosure; and (2) redeem the property during the statutory redemption period.

As explained above, the plain language of the statutes does not require the property to actually be sold to foreclose the rights of late-filing junior creditors. 12 V.S.A. §§ 4532(a) and 4529. The statute is clear that such junior liens are foreclosed at the end of the redemption period so long as the proper procedures are followed. *Id.*

Finally, it is undisputed that there was insufficient equity in this property to satisfy Bayview's mortgage, let alone Ford's greater judgment lien. Had Ford been a party to this action, there can be little doubt that it would have received nothing during the foreclosure process, absent a speculative decision to redeem by satisfying Bayview's superior lien. In addition, there is no evidence that any party was unjustly enriched or that there was an attempt to fraudulently defeat the claims of junior lien holders.[3] In sum, there is simply no basis for claiming that Natural Bridge should be required to satisfy a judgment against the former property owner.[4] Defendant's motion for summary judgment is therefore **GRANTED**.

Based on the foregoing, it is hereby **ORDERED**:

The Defendant's motion for summary judgment is **GRANTED.** Defendant shall submit a proposed Judgment Order within 10 days in conformity to this opinion, which shall include the declaration that Ford's judgment lien is extinguished and that the

---

[3] The facts of this case make it unnecessary to speculate as to how equity might respond to a colorable claim of a "short sale" during the second redemption period deliberately arranged to defraud junior lien holders.

[4] Ford takes nothing by its argument that Natural Bridge should be denied equitable relief because it has "an adequate remedy at law"; namely, a title insurance claim. No such claim arises because there is no covered event. As explained herein, Ford's lien is not a cloud on Natural Bridge's title because it was extinguished by the prior foreclosure proceeding.

recording of such Judgment Order in the Dover Land Records shall reflect such extinguishment. The motion to quash is **GRANTED** as no further discover is necessary. The motion for a hearing on summary judgment is **DENIED** as unnecessary. Based on the relief granted herein, the third party complaint against Mr. Carpenter will be **DISMISSED** unless within 10 days of this entry Defendant demonstrates some continuing basis for relief.

       DATED                      , at Bennington, Vermont,

_____
John P. Wesley
Presiding Judge